SOL GOTHARD, Judge.
Defendant, Allstate Insurance Company (Allstate), appeals an adverse judgment of the trial court that found in favor of plaintiffs, Rhonda and Tammara Brunner. The judgment decreed that a policy of insurance issued by Allstate was in effect on the date of loss, and not cancelled for nonpayment of premium. Because we have no appellate jurisdiction over this interlocutory judgment, we dismiss the appeal.
According to the record before us, plaintiffs fíled a claim with their insurance carrier, Allstate, for the theft of their 1988 Mazda RX 7. Allstate refused the claim on the basis that the policy that covered the Mazda was cancelled for non-payment of premium before the date of the theft. Plaintiffs filed suit against Allstate seeking damages for the loss of the vehicle and for statutory penalties, attorney fees and costs. Allstate filed a motion for summary judgment asserting that the claim was not due because the policy was properly can-celled before the theft. That motion was denied and the matter was set for a trial on the merits.
According to the judgment in question, the matter went to trial on April 16, 2002 and judgment was rendered on July 9, 2002. The trial court rendered written reasons for judgment that state:
This matter came for hearing before the Court on the Court’s regularly assigned docket for Trial on the Merits on the 16th day of APRIL, 2002. In rendering the decision of this Honorable Court, I find that there was insurance coverage at the time of the loss. Ms. | ¡¡Brunner made timely payments towards her policy; thus there was ample coverage to cover this claim of loss. Additionally, I find that through the fault of Allstate Insurance Company, alone, was the cause for failing to notify, (sic) Ms. Brunner about the late fees, and the cancellation in coverage, and Ms. Brun-ner would have paid the coverage fully had it not been for the misrepresentation of Allstate Insurance Company, concerning the late fees.
However, a note from the court reporter placed in the record indicates that the matter “was not taken up in open court and was not put on the record”; thus there is no transcript of the hearing for this Court to review. It appears from a post-trial memorandum filed by Allstate that the parties agreed to submit the matter by exhibits and memo in lieu of live testimony. The attachments filed with that memo include documents from Allstate to bolster its argument that the policy was cancelled for non-payment of premiums before the date of loss.
The judgment only rules on the issue of coverage and does not award any damages, either for the covered vehicle or for statutory penalties. The trial court has not yet addressed those issues. Further, there is nothing in the record that could be used by this court to determine the amount of damages.
This Court’s appellate jurisdiction is limited to final judgments, or interlocutory *340 judgments that may cause irreparable harm. LSA-C.C.P. art. 2083. In the instant matter, this interlocutory judgment does not award damages as prayed for, and is not a final judgment. The matter must be remanded for a trial court determination of damages. Allstate may appeal this matter after all of the issues presented have been decided by the trial court.
For the foregoing reasons, we dismiss the appeal, and remand the matter for proceedings consistent with this opinion.

APPEAL DISMISSED, MATTER REMANDED.